UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GERALD SAWYER,                               :
                                             :
        Petitioner                       :
                                             :
    v.                                       :   CIVIL NO. 4:CV-08-1149
                                             :
DAVID J. EBBERT,                             :   (Judge McClure)
                                             :
        Respondent                       :

### **MEMORANDUM**

July 2, 2008

**Background**

    Gerald Sawyer ("Petitioner" or "Sawyer"), an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI-Allenwood"), filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Accompanying the Petition is an *in forma pauperis* application which will be granted for the sole purpose of the filing of this action. Named as Respondent is FCI-Allenwood Warden David Ebbert.

    Petitioner states that he pled guilty to conspiracy to making false statements to a firearms dealer, aiding and abetting, and possession of a firearm by a convicted

felon in the United States District Court for the Eastern District of Pennsylvania. *See* Record document no. 3, p. 1. Sawyer was sentenced to a 120 month term of incarceration on April 5, 2002. He was also ordered to pay a $1,000.00 dollar fine and an assessment fee. Although Petitioner did not file a direct appeal he did seek collateral relief via a 28 U.S.C. § 2255 action which was apparently denied on March 13, 2006.

Sawyer acknowledges that he entered into an agreement with the Federal Bureau of Prisons ("BOP") to begin making payments towards his fine and assessment fee while incarcerated as part of the BOP's Inmate Financial Responsibility Plan ("IFRP").[1] Thereafter, Petitioner "changed his mind and refused to make further restitution payments during his incarceration." *Id*. at p. 2. As a result, he was placed on IFRP refusal status and subjected to institutional sanctions.

Petitioner argues that he is being unjustly sanctioned by the BOP because the sentencing court did not order him to pay his fine during his incarceration in sum certain installments. *See* Record document no. 1, ¶ 9(a). Sawyer adds that he

---

1. Under the IFRP, federal prisoners are encouraged to meet their financial responsibilities by entering into a contractual payment schedule developed for the inmate with the assistance of BOP staff. An inmate's failure to participate in this program or to make agreed payments can affect his or her eligibility for participation in various BOP programs and may be considered for purposes of parole review.

2

initiated an unsuccessful administrative grievance regarding his present claim but was unable to file a timely § 2255 action because he just started being sanctioned and was not entitled to tolling because his claim related to the conditions of his confinement. *See id.* at ¶ 13.   His petition concludes that he is entitled to federal habeas corpus relief.  Specifically, he requests that the BOP lift all pending sanctions and be enjoined from subjecting him to future sanctions for refusing to make sum certain installment IFRP payments towards satisfaction of his fines.

**Discussion**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in relevant part:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Rules Governing Section 2254 Cases may also be applied to petitions brought under 28 U.S.C. § 2241. Id., Rule 1(b).

This action solely regards the propriety of the BOP's determination as to the amount of Petitioner's payments under the IFRP.  It is well settled that federal habeas corpus relief is limited to inquiries into the "legality of detention." *Leamer v. Fauver*,

3

288 F.3d 532, 540 (3d Cir.2002); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Federal habeas relief is unavailable unless the petition attacks the "validity of the continued conviction or the fact or length of the sentence." *Id.* at 542. Based on the grounds asserted in his petition, it appears that Petitioner seeks to challenge his IFRP refusal status within the BOP which he argues is affecting his conditions of confinement. Sawyer's challenge to the amount of his IFRP payments does not concern either the fact or duration of his confinement in prison. Rather, as Petitioner acknowledges, his present request for relief is based upon a condition of confinement claim.

It is apparent that Sawyer's claims and request for relief have nothing to do with the actual question of Petitioner's guilt or the length of his confinement. Based on the injunctive relief sought and a review of Sawyer's allegations, "habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Arainis*, 991 F.2d 1102, 1109 (3d Cir. 1993); *See  Williams v. Pugh*, Civ. A. No. 4:CV-03-541, slip op. at 4 (M.D. Pa. April 11, 2003) (McClure, J.); *David v. United States*, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.) (challenge to IFRP refusal status not properly asserted in habeas petition); and *Hewlett v. Holland*, Civ. A. No. 3:CV-96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed, without prejudice, as they are not *habeas corpus* claims, but rather claims relating to the conditions of his confinement that should more

4

appropriately be brought under the Civil Rights Acts."). Consequently, Sawyer's petition will be denied as meritless. However, the Court's decision herein is without prejudice. Petitioner, if he so chooses, is free to reassert his allegations and request for injunctive relief in a properly filed civil rights complaint.[2]  An appropriate Order will enter.

s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

---

2.   In this regard, this Court expresses no opinion as to the merits, if any, of any civil rights claim Sawyer may file based upon the facts asserted herein.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GERALD SAWYER,                              :
        Petitioner                     :
                                      :
    v.                            :    CIVIL NO. 4:CV-08-1149
                                      :
                                      :    (Judge McClure)
DAVID J. EBBERT,                            :
        Respondent                     :
                                      :

## **ORDER**

July 2, 2008

In accordance with the accompanying Memorandum**, IT IS HEREBY ORDERED THAT:**

    1.    Petitioner is granted *in forma pauperis* status for the sole purpose of the filing of this matter.

    2.    The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

      3.      The Clerk of Court is directed to CLOSE the case.

<u>s/James F. McClure, Jr.</u>
James F. McClure, Jr.
United States District Judge
